# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAMRON J. JACKSON,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

Case No. 18-CV-747-JPS
Crim. Case No. 14-CR-99-5-JPS

**ORDER**

      Petitioner Camron J. Jackson ("Jackson") pleaded guilty to one count of Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. *United States v. Camron J. Jackson*, 14-CR-99-5-JPS (E.D. Wis.) (Jackson's "Criminal Case"), (Docket #329 at 1). On June 28, 2017, the Court sentenced him to 114 months' imprisonment for those crimes. *Id.* at 2. Jackson did not appeal his convictions or sentence. Jackson filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions on May 15, 2018. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

The Court begins by addressing the timeliness of Jackson's motion. Section 2255(f) provides that there is a one-year limitations period in which to file a motion seeking Section 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (internal citations omitted). Because Jackson did not appeal, his conviction became final once the deadline for filing a notice of appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). The deadline expired on July 12, 2017, fourteen days after judgment was entered. Thus, Jackson's motion appears timely.

The Court turns next to procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Jackson did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Jackson may raise claims on which he otherwise procedurally defaulted if he

demonstrates that there was cause for his failure to raise a claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Jackson raises four grounds for relief, all based on the alleged ineffective assistance of his trial counsel.[1] First, Jackson says that his lawyer "lied to [him] about the time [he] was going to receive" at sentencing. (Docket #1 at 6). Second, Jackson claims that his lawyer did not file an appeal, despite Jackson's instruction to do so, because "the judge could have given me lesser time according to the current law." *Id.* at 7. Third, Jackson alleges that his counsel did not fully explain the charges against him "so [he] never fully understood what [he] was facing." *Id.* at 8. Finally, Jackson maintains that his trial counsel "did not put in a motion on my behalf which I felt could have helped my case." *Id.* The Court assumes Jackson refers to a pre-trial motion, such as a motion to suppress. Because each of these claims are for ineffective assistance of counsel, they are not procedurally defaulted.

Each claim fails, however, because they are all plainly meritless. The Court of Appeal's *Blake* opinion neatly summarizes the standards applicable to Jackson's motion:

> A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 . . . (1984)[.]
>
> To satisfy the first element of the *Strickland* test, appellant must direct the Court to specific acts or omissions

---

[1] Jackson had two different attorneys during the Criminal Case. He does not identify which attorney is the target of each ground. Nevertheless, as explained below, it does not matter.

by his counsel. In that context, the Court considers whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. The Court's assessment of counsel's performance is "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" [*Id.* at 689.]

. . .

To satisfy the second *Strickland* element, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome.

*Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013) (citations and quotations omitted).

A brief review of the docket of the Criminal Case reveals that Jackson cannot satisfy the *Strickland* test as to any of his grounds for relief. With respect to ground one, the plea agreement Jackson signed states the range of penalties available for his crimes, and notes that he discussed the applicable sentencing guidelines with his attorney. Criminal Case, (Docket #282 at 3–5). Jackson also acknowledged that his ultimate sentence was in the Court's hands, not those of his attorney or the government. *Id.* at 7–8. Each of these matters, as well as all of the considerations of pleading guilty, were discussed with Jackson in detail by Magistrate Judge David E. Jones at Jackson's plea colloquy hearing. Criminal Case, (Docket #286). Thus, Jackson cannot claim that his sentence was fundamentally unfair based on any discussion with his lawyer.

As to ground two, the Court notified Jackson of his right of appeal at the sentencing hearing. Criminal Case, (Docket #323 at 2, 4). The Court instructed his attorney to discuss that right with Jackson, and if Jackson

declined to file an appeal, his attorney should file a letter with the Court to that effect. *Id.* Jackson's lawyer did so the very day of the sentencing hearing. Criminal Case, (Docket #324). The letter states that "I counseled Mr. Jackson concerning his appeal rights. Mr. Jackson indicated that he does not intend to appeal." *Id.* Jackson's attempt to revise history is unavailing.

The third ground is ill-defined. Jackson does not couch his desire to "fully underst[and] what [he] was facing" in any particular constitutional provision or time frame of the Criminal Case. (Docket #1 at 8). The Court finds that this allegation would be most appropriate when Jackson pleaded guilty. At that juncture, he did indeed have a right to know and understand the charges against him. Like ground one, this claim for relief is contradicted by the plea agreement and colloquy with Magistrate Jones. The plea agreement states that Jackson "has read and fully understands the charges contained in the indictment." Criminal Case, (Docket #282 at 1). Jackson further acknowledged that he "fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney." *Id.* These assertions were confirmed by Magistrate Jones in the plea colloquy hearing. Criminal Case, (Docket #286). If Jackson did not understand the charges against him, he should not have signed the plea agreement or should have informed Magistrate Jones of that fact.

Jackson's final ground is not cognizable for two reasons. First, an unconditional guilty plea, like that entered by Jackson, waives most defects in a criminal proceeding which preceded the guilty plea (with exceptions that are not relevant here). *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). Jackson therefore can no longer complain that his constitutional rights were

potentially violated by the consideration of certain evidence. Second, and more importantly, Jackson's plea admitted guilt to the crimes of conviction. Criminal Case, (Docket #282 at 1–3). No pre-trial motion could undermine this concession. Jackson thus cannot claim any prejudice by his attorney's failure to file a pre-trial motion.[2]

Because Jackson is plainly not entitled to relief on the grounds presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Jackson must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Jackson's assertions of ineffective assistance had merit. They are all belied by the filings in his criminal case. As a consequence, the Court is compelled to deny a certificate of appealability as to Jackson's motion.

---

[2]In addition to his plea agreement and plea colloquy hearing, Jackson's presentence report provides a thorough explanation for most of the matters he raises in this habeas motion. Criminal Case, (Docket #315). The report details the charges against him, *Id.* at 5–11, the sentencing guideline computations, *Id.* at 12–16, 23–26, and the maximum and minimum penalties, *Id.* at 23–25. At his sentencing hearing, Jackson told the Court that he had reviewed the report and had no objections to it. Criminal Case, (Docket #323 at 1). Thus, the report supplies yet another basis to dismiss Jackson's instant claims as meritless.

Finally, the Court closes with some information about the actions that Jackson may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge